**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLORIA MITCHELL, individually and on behalf of all others similarly situated, | No. 19-35802 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00076-BLW |
| v. | MEMORANDUM[*] |
| WINCO FOODS, LLC, a Delaware limited liability company, | |
| Defendant-Appellee. | |

| | |
|---|---|
| GLORIA MITCHELL, individually and on behalf of all others similarly situated, | No. 19-35822 |
| Plaintiff-Appellee, | D.C. No. 1:16-cv-00076-BLW |
| v. | |
| WINCO FOODS, LLC, a Delaware limited liability company, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted October 27, 2020
Portland, Oregon

Before: GRABER and IKUTA, Circuit Judges, and BENITEZ,** District Judge.

Plaintiff Gloria Mitchell timely appeals the district court's judgment on the pleadings for Defendant WinCo Foods, LLC, in her action alleging that Defendant violated the Fair Credit Reporting Act ("FCRA"). Defendant cross-appeals the earlier denial in part of Defendant's motion to dismiss. Reviewing de novo, we affirm the district court's judgment on the pleadings on an alternative ground, and we dismiss the cross-appeal.

1. Our decision in Walker v. Fred Meyer, Inc., 953 F.3d 1082 (9th Cir. 2020), forecloses Plaintiff's argument that Defendant impermissibly combined an "investigative consumer report" disclosure and a "consumer report" disclosure in its background-check disclosure form. "[I]nvestigative reports are a subcategory or specific type of consumer report" and, therefore, "disclosing that an investigative consumer report may be obtained" does not violate the FCRA. Id. at 1089.

> As long as the information about investigative reports is limited to disclosing that such reports may be obtained for employment purposes, and providing a very brief description of what that means, the inclusion

---

** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

of such information in a § 1681b(b)(2)(A)(i) disclosure does not run afoul of the standalone requirement.

Id. at 1090. Defendant's combined disclosure does not violate the FCRA's standalone disclosure requirement.

2. Plaintiff further contends that Defendant's disclosure contains impermissible extraneous information about investigative consumer reports. The disclosure contains one sentence advising the applicant that she has a right, upon written request, to request disclosure of the nature and scope of any investigative consumer report from Defendant.

We assume, without deciding, that this information violates the standalone disclosure requirement. But any such violation was not willful because there was a "dearth of guidance" as to the definition of "disclosure" and "solely" at the time Defendant provided the disclosure to Plaintiff. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 70 (2007). Defendant's violation was not based on an "objectively unreasonable" interpretation of an unambiguous statutory provision. Id. at 69. Therefore, we affirm on an alternative ground.

3. The cross-appeal advances alternative arguments in support of the judgment; accordingly, the cross-appeal was unnecessary. Spencer v. Peters, 857 F.3d 789, 797 n.3 (9th Cir. 2017). We treat Defendant's arguments on

3

cross-appeal as alternative arguments to affirm.  Id.  Therefore, we dismiss the

cross-appeal.

**No. 19-35802 AFFIRMED.  No. 19-35822 DISMISSED.**

4